IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Roanoke Division

LEROY A. LOVELACE, #161416,

    Plaintiff,

v.                                CIVIL ACTION NO. 7:03-cv-00395

JACK LEE, WARDEN et. al.,

    Defendants.

## ANSWER

COMES NOW Defendant K. Lester, by counsel, and for his Answer to the Complaint filed herein, states as follows:

### FIRST DEFENSE

The Defendant denies that the present action is cognizable under 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments of the United States Constitution and 28 U.S.C. § 1343.

### SECOND DEFENSE

The Defendant denies that the Plaintiff has been denied any rights protected by the United States Constitution or any portion of the United States Code.

### THIRD DEFENSE

This Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FIFTH DEFENSE

The Defendant denies that the Plaintiff has suffered any cognizable injuries or damages as a result of any act or acts on the part of this Defendant.

## SIXTH DEFENSE

The Defendant alleges and avers that, to the extent that the Plaintiff has suffered any injuries or damages, such injuries or damages were due to an act or acts by the Plaintiff, or on the part of others not under the control of the Defendant, and for whose conduct he is in no wise responsible.

## SEVENTH DEFENSE

The Defendant denies that the Plaintiff has suffered the injuries and damages alleged and calls for strict proof thereof.

## EIGHTH DEFENSE

The Defendant denies that he is indebted to or liable to the Plaintiff in any sum whatsoever.

## NINTH DEFENSE

The Defendant is immune from suit based upon the discharge of his official duties.

## TENTH DEFENSE

The Defendant is entitled to good faith immunity.

## ELEVENTH DEFENSE

As to the specific factual allegations set forth in the Complaint, the Defendant states as follows:

1. Defendant Lester admits that this is a civil rights action in which Keen Mountain Correctional Center ("Keen Mountain") prisoner Leroy A. Lovelace, #161416 ("Lovelace"), seeks damages from Lester for an alleged denial of his religious exercise.

2. Defendant Lester lacks specific knowledge regarding Lovelace's role with the Nation of Islam at Keen Mountain, and further lacks specific knowledge regarding discussions Lovelace alleges he had with Keen Mountain's Food Service Manager. Lester accordingly neither admits nor denies that such a meeting as alleged in the Complaint occurred, and further neither admits nor denies the specific discussions that may have been had at that meeting.

3. Defendant Lester additionally lacks specific knowledge regarding Lovelace's alleged efforts to obtain modifications to the menu created for Ramadan through letter correspondence to various Virginia Department of Corrections officials who work in the VDOC's Central Office. Accordingly, Lester neither admits nor denies those particular allegations.

4. Lovelace raises various allegations as to events that transpired at the Ramadan breakfast meal on November 11, 2002. Again, Defendant Lester is not personally aware of the events alleged in the Complaint, and he accordingly neither admits nor denies those allegations. What Defendant Lester does deny is any intimation that any events that later transpired with respect to his having identified Lovelace as an inmate who had eaten off the regular diet line had anything at all to do with the events that allegedly occurred at the November 11, 2002, breakfast meal.

5. Defendant Lester admits that he identified Lovelace as an inmate he had seen eating off of the regular diet line during the lunch meal on November 11, 2002.

6. Defendant Lester admits that his having identified Lovelace as having eaten off of the regular diet line at the lunch meal resulted in the removal of Lovelace's name from the list of inmates authorized to participate in the Ramadan meals.

3

7.  Defendant Lester is not personally familiar with Lovelace's alleged efforts to utilize the institution's grievance procedure in order to be readmitted to the Ramadan meal program, and Lester accordingly neither admits nor denies the substance of those allegations. Lester similarly is not personally familiar with efforts Lovelace undertook to speak with the prison's Treatment Program Supervisor, and Lester neither admits nor denies Lovelace's allegations relative to those efforts. Lester similarly neither admits nor denies the substance of conversations Lovelace claims that he had with the Assistant Warden.

8.  Defendant Lester specifically denies the existence of any improper motivation for his having identified Lovelace as the individual he had seen eating off the regular diet line.

9.  Defendant Lester denies that Lovelace is entitled to any of the relief he seeks to obtain from Lester regarding Lester's identification.

10. Defendant Lester denies any and all allegations not expressly admitted herein.

WHEREFORE, Defendant Lester respectfully requests this action against him be dismissed with prejudice, and that he recover his costs and attorney's fees in and about the defense of this action.

Respectfully submitted,

K. LESTER

By s/ Mark R. Davis
Counsel

Mark R. Davis
Senior Assistant Attorney General
Public Safety & Enforcement Division
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-5631
(804) 786-4239 (Fax)
VSB #18830

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2007, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A, and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants: the Plaintiff, Leroy A. Lovelace, #161416, at Keen Mountain Correctional Center, Post Office Box 860, Oakwood, Virginia 24631.

s/ Mark R. Davis<br>
Senior Assistant Attorney General