IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Roanoke Division

LEROY A. LOVELACE, #161416,

    Plaintiff,

v.                                      CIVIL ACTION NO. 7:03-cv-00395

JACK LEE, WARDEN et. al.,

    Defendants.

## RESPONSE TO THE COURT'S OCTOBER 31, 2007, ORDER

The Defendant K. Lester, by counsel, herein submits his response to the Court's October 31, 2007, Order and states as follows.

1.    Pro se prisoner litigant Leroy A. Lovelace, #161416 ("Lovelace"), has requested the Court to determine that witnesses Lovelace desires to be present at trial can be summonsed to Court notwithstanding the fact that Lovelace either will not or cannot pay the mandated daily witness and mileage fee. He suggests that the Court can call his requested witnesses as the Court's own witnesses. He even goes so far as to suggest that the Court require the Virginia Department of Corrections ("VDOC"), a non-party to this lawsuit, to advance the cost of having witnesses appear and testify in Lovelace's behalf.

2.    The Fourth Circuit in its unpublished opinion in Douglas v. McCarty, 87 Fed. Appx. 299, 2003 U.S. App. LEXIS 23585 (4th Cir. Nov. 19, 2003), considered whether the prisoner litigant's rights had been violated when a determination was made that he had to pay the applicable fees for non-inmate witnesses. The Fourth Circuit stated as follows:

> We find this argument baseless. We agree with the several circuits that have addressed the issue that federal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis civil litigant. *See Malik v. Lavalley, 994 F.2d 90 (2d Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987); McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987); U.S. Marshals Serv. v. Means, 741 F.2d 1053, 1057 (8th Cir. 1984).* Thus, we find no abuse of discretion in this respect.

2003 U.S. App. LEXIS at \*\*6-7 (attached).

3. The cases upon which the Fourth Circuit relied all hold that the in forma pauperis statute, 28 U.S.C. § 1915, does not authorize the federal courts "to waive or pay witness fees on behalf of an *in forma pauperis* litigant." E.g. Malik v. Lavalley, 994 F.2d 90 (2d Cir. 1993) (attached). The Malik decision has been cited positively in two more recent district court decisions out of the Second Circuit. Vega v. Lantz, 2006 U.S. Dist. LEXIS 81231 at \*5 (D. Conn. 2006) (attached); Murray v. Palmer, 2006 U.S. Dist. LEXIS 61218 at \*12-14 (N.D. N.Y. 2006) (attached).

4. Lovelace would have the Court avoid the clear meaning of the Fourth Circuit's Douglas analysis, and the many circuit court opinions cited therein, by arguing that this Court should call his proposed witnesses as the Court's own witnesses. He cites the Eighth Circuit's 1984 decision in U.S. Marshals Serv. v. Means, 741 F.2d 1053 (8th Cir. 1984), as his authority in this regard. The Means decision is one of those cases the Fourth Circuit relied upon in its Douglas opinion in concluding "that federal courts are not authorized to waive or pay witnesses fees on behalf of an *in forma pauperis* civil litigant." Douglas, supra, at \*\*6. There can be no question but that the opinion in the Means case establishes a mechanism, at least within the Eighth Circuit, for a court to compel the attendance of witnesses. The Means court relied on the interplay it found between Federal Rule of Evidence 614, allowing a federal court to call and

2

interrogate witnesses, and Federal Rule of Evidence 706, allowing the court to appoint experts whose "compensation shall be paid by the parties in such proportion and at such time as the court directs, . . ," to conclude that a trial court could compel witness attendance.

5. Assuming arguendo that the Eighth Circuit rule applies in the Fourth Circuit, this Court then would have to ascertain whether, in the Court's estimation, the witnesses Lovelace proposes are witnesses the Court, not Lovelace, believes are essential to a fair and just adjudication of the claim in this lawsuit. Moreover, should the Court rely upon Federal Rule 706 as the Eight Circuit did in Means, then the Court is going to have to apportion the cost of summonsing witnesses between the parties. In this case the parties are Lovelace and former VDOC employee Lester. The VDOC itself is not a party to the lawsuit, and thus cannot be required to advance the mandatory witness fees and mileage expenses that would be required.

6. The issue to be tried in this case is rather simple, asking only whether Defendant Lester acted negligently when he identified Lovelace as having eaten off the regular diet line, or whether Lester had some proper motivation that caused him to single out Lovelace, even though he knew that Lovelace had not eaten off the diet line as Lester charged. It would not appear that the summonsing of witnesses who do not have any firsthand knowledge of Lester's motivation are the sorts of witnesses that are so critical to an adjudication of this lawsuit that the Court would employ the scheme that the Eighth Circuit rationalized in the Means case.

7. Defendant Lester also submits as Exhibit I for the Court's consideration the affidavit of Imel Chambers, an Accountant at Lovelace's prison. Her affidavit demonstrates that Lovelace regularly has between roughly $40.00 and $70.00 dollars deposited into his account each month. Then he appears to spend it. There seems to be no reason that Lovelace himself

3

cannot save from his November, December and January deposits so as to pay witness and mileage fees.

>                                    Respectfully submitted,
>
>                                    K. LESTER
>
>                                    By s/   Mark R. Davis
>                                            Counsel

Mark R. Davis
Senior Assistant Attorney General
Public Safety & Enforcement Division
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-5631
(804) 786-4239 (Fax)
VSB #18830

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2007, I electronically filed the foregoing Response To The Court's October 31, 2007, Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A, and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants: the Plaintiff, Leroy A. Lovelace, #161416, at Keen Mountain Correctional Center, Post Office Box 860, Oakwood, Virginia 24631.

>                                    s/   Mark R. Davis
>                                    Senior Assistant Attorney General

4