# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LEROY A. LOVELACE**, | ) |
| Plaintiff, | ) Case No. 7:03CV00395 |
| v. | ) **OPINION AND ORDER** |
| **JACK LEE, ET AL.**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Leroy A. Lovelace, Pro Se Plaintiff.*

The plaintiff has submitted a motion requesting appointment of counsel in this civil rights action. He has previously offered proof of his indigency, pursuant to 28 U.S.C.A. § 1915(b) (West 2006). However, while the court may request counsel to represent an indigent litigant under § 1915(e)(1), the court has no authority under that section to require an attorney to represent an indigent, civil plaintiff, as the court has no authority to compensate counsel for the work done on such a case. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989) (applying prior version of § 1915(d)); *Ivey v. Harney*, 47 F.3d 181, 185 (7th Cir. 1995) ("We know from [*Mallard*], that a court may not order even a member of its bar to donate services to a plaintiff in an action under 42 U.S.C. § 1983."). However, under exceptional circumstances, the court has discretion to request an attorney to represent an indigent, civil plaintiff.

*Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has identified two factors to be considered in determining whether such exceptional circumstances exist in a given case: (1) the type and complexity of the case and (2) the ability of the individual to present it. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds, Mallard*, 490 U.S. at 309.

Plaintiff argues that the court should appoint counsel for him in this case because of the viability and complexity of his constitutional and statutory claims that the defendant intentionally deprived him of his ability to exercise his religious beliefs. Plaintiff also asserts that he has no legal training and that his prior pleadings have been prepared by a prison law library clerk who will not be available to assist the plaintiff in preparing or presenting his case at trial. I find that these circumstances, which virtually every inmate will assert, are not sufficiently exceptional to justify appointment of counsel in this case. The plaintiff admits that he will be able to present the facts of his case, and I find that the complex legal issues have been addressed at length by the Fourth Circuit and this court in prior opinions. The case at trial will hinge on the jurors' assessment regarding the credibility of the plaintiff and the defendant as witnesses, and not on convoluted legal arguments. Moreover, although no court employee may offer plaintiff legal advice, I will provide plaintiff with an explanation of trial procedures and other questions as they may arise.

For the stated reasons, it is hereby **ORDERED** that plaintiff's Motion for Appointment of Counsel (Dkt. No. 94) is DENIED.

> ENTER: November 27, 2007
>
> /s/ JAMES P. JONES
> Chief United States District Judge