CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 3 1 2007

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

LEROY A. LOVELACE, # 161416
KEEN MOUNTAIN CORRECTIONAL CENTER
POST OFFICE BOX 860
OAKWOOD, VIRGINIA 24631-0860

December 27, 2007

The Honorable John F. Corcoran, Clerk
United States District Court
Western District - Roanoke Division
Post Office Box 1234
Roanoke, Virginia 24006

    Re: **Lovelace v. Lester** / Civil Action No. 7:03-cv-00395

Dear Mr. Corcoran:

    Enclosed please find my Motion for Continuance in the above-styled case. Would you please present this pleading to the Court at your first convenience.

    Thank you for your attention to this matter.

                                        Very truly yours,

                                        Leroy A. Lovelace

Encl.: Motion for Continuance

cc: Mark R. Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

LEROY A. LOVELACE,

    Plaintiff,

v.                                       CIVIL ACTION NO.: 7:03CV0395

KEVIN LESTER,

    Defendant.

## MOTION FOR CONTINUANCE

COMES NOW, the Plaintiff, Leroy A. Lovelace ("Lovelace"), pro se and in forma pauperis, to move this Honorable Court to continue the trial in this case for a period of at least sixty (60) days from the January 23, 2008, date on which trial now is set. As grounds for this motion, Lovelace states as follows:

    1. Lovelace is engaged in settlement negotiations with the defendant, pretrial discovery is ongoing, Lovelace must solicit legal assistance from outside persons and organizations, and Lovelace must otherwise prepare for trial.

        a. Lovelace Is Engaged In Settlement Negotiations.

    2. This case is scheduled for jury trial on January 23, 2008. Upon Lovelace's motion, the Court conducted a pretrial video conference on December 11, 2007. By Order dated 12/11/2007, the Court directed, inter alia, that "Plaintiff Lovelace **SHALL** prepare and send a settlement demand letter to defense counsel within five (5) days, and counsel **SHALL** respond to this demand letter within five (5) days of receipt." (Emphasis in original.)

    3. On December 12, 2007, Lovelace sent the required settle-

ment demand letter to counsel for defendants; counsel has not yet responded. Unless counsel agrees to all of the provisions in the settlement demand, additional negotiations are likely and "the case may be referred to the [Magistrate Judge] for Mediation." (Order, id.). Lovelace cannot adequately attend both to settlement negotiations and other pretrial preparations within the time remaining before trial.

      b.   <u>Pretrial Discovery Is Ongoing.</u>

4. The Court has granted Lovelace's Motion to Compel as to several of the interrogatories propounded to Defendant Lester ("Lester"), and has required Lester to provide supplemental responses thereto on or before January 11, 2008. Additionally, the Court has granted Lovelace's Motion for Leave to File a Second Set of Interrogatories directed to Lester (Dkt. No. 109). The answers to those interrogatories are due no later than January 10, 2008.[1] Thus, Lovelace may not receive responses to the interrogatories until January 14, 2008 -- just 9 days before trial.[2]

5. Lovelace submits that Lester's answers to the outstanding interrogatories will inform Lovelace's "theory of the case," his examination of witnesses at trial, his choice of documents and other exhibits to be filed with the Court, and any proposed voir

---

[1] On December 6, 2007, Lovelace filed with the Court, and sent a copy to counsel for defendant, Lovelace's motion for leave to file a second set of interrogatories, as well as the proposed interrogatories. Therein, Lester was directed to answer with 30 days from the date of service. Presumably, Lester now must answer said interrogatories within 30 days of the Court's Order dated 12/11/2007, which granted Lovelace leave to file his second set of interrogatories.

[2] If counsel for Lester mails said answers to Lovelace on January 10, 2008, Lovelace likely will not receive them until January 14, 2008.

dire and motions in limine.[3]

6. Lovelace notes, too, that his motion to compel answers to interrogatories, and his second set of interrogatories, filed so near to the date set for trial, is a direct result of Lester's dilatoriness, and evasive and contradictory responses to Lovelace's requests for discovery.[4]

    c. <u>Lovelace Must Solicit Legal Assistance.</u>

7. Lovelace is proceeding in this matter <u>pro se</u> and <u>in forma pauperis</u>. Lovelace has no legal training and no experience conducting a jury trial. However, Lovelace submits that there exist entities, namely, religious rights organizations or civil rights organizations, news media, legislators and Congressional Representatives, etc., who, if they knew of Lovelace's case (and similar VDOC cases) would provide financial and legal assistance to him.

8. Lovelace represents that he is preparing "information packets" to distribute to the public in an effort to solicit assistance at trial. Lovelace submits that he cannot through the aforementioned measures garner sufficient assistance prior to the January trial.

    d. <u>Lovelace Must Otherwise Prepare For Trial.</u>

9. Irrespective of any outside legal assistance, however,

---

[3] The Court has directed Lovelace to "submit any motions in limine, proposed voir dire, [and] copies of exhibits and witness lists," on or before January 3, 2008. (Order, id.)

[4] Lovelace notes that Lester ignored for some five (5) months Lovelace's request that Lester produce Lester's one-page Incident Report wherein Lester falsely accused Lovelace of taking a prohibited lunch tray during Ramadan 2002. (July 3, 2007, Request for Documents, through December 7, 2007, upon the Court's Order of 11/29/2007, to produce the document.

-3-

Lovelace apprises the Court that he will, on his own if he must, try this case before a jury. Lovelace needs additional time to prepare for trial.[5] This is especially so where Lovelace must in early January, 2008, prepare responsive pleadings in the corollary case, **Lovelace v. Bassett, et al.**[6]

10. Moreover, Lovelace anticipates that the Keen Mountain Correctional Center ("K.M.C.C.") will conduct its regularly scheduled quarterly lockdown during early January, 2008.[7] During lockdown, inmates are confined to their cells and are not permitted access to the law library or typewriter, and have significantly less ability to obtain legal copies. Lovelace cannot, in early January, while likely on lockdown, prepare responsive pleadings for **Bassett**, and prepare for the jury trial in **Lester**.

---

[5] Lovelace must, for example, learn how to conduct direct examination and cross-examination of witnesses, prepare opening and closing arguments, prepare any supplemental voir dire and jury instructions, and learn how to identify and introduce his exhibits at trial.

[6] **Lovelace v. Basset, et. al.,** was originally filed as a supplemental pleading in the instant case. However, by Order and Opinion entered 10/21/2007 (Dkt. No. 90), the Court denied Lovelace's Motion to Supplement Pleadings, and the Court conditionally filed that pleading as a separate civil action.
Lovelace is pursuing that action and counsel for Bassett (Mark R. Davis), waived service of summons on December 5, 2007. Under Rule 12, F.R.Civ.P., Bassett must serve any answer or motion upon Lovelace "within sixty(60) days after 11/9/2007." (Waiver of Service of Summons). Thus, Lovelace will receive the Bassett pleading no later than January 8, 2008.

[7] The K.M.C.C. conducted its most recent quarterly lockdown September 4, 2007, through September 9, 2007, and conducted an emergency lockdown September 27, 2007, through October 14, 2007.

11. WHEREFORE, for all these reasons, Lovelace prays that this Honorable Court continues the trial in this case for a period of at least sixty (60) days from the January 23, 2008, date on which trial is now scheduled.

Respectfully submitted,

*/s/ Leroy A. Lovelace*
Leroy A. Lovelace

Leroy A. Lovelace, #161416
Keen Mountain Correctional Center
Post Office Box 860
Oakwood, Virginia 24631-0860

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28TH day of December, 2007, a true copy of the foregoing Motion for Continuance was mailed, first-class postage prepaid, to counsel for defendants herein, Mark R. Davis, Senior Assistant Attorney General, 900 East Main Street, Richmond, Virginia 23219.

*/s/ Leroy A. Lovelace*
Leroy A. Lovelace

Kamau Bekitemba
a.k.a., Leroy A. Lovelace; # 161416
Keen Mountain Correctional Center
Post Office Box 860
Oakwood, Virginia 24631-0860

The Honorable John F. Corcoran, Clerk
United States District Court
Western District - Roanoke Division
Post Office Box 1234
Roanoke, Virginia 24006

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 31 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK